## Provost, Appellant, *v.* Davidowitz.

*Equity—Injunction — Preliminary injunction — Obstruction of alleyway.*

Where on a bill in equity to restrain the erection of a permanent structure over a portion of a fifteen-foot alley, it appears from the title papers that the plaintiff is entitled from his deeds to the right to use a passageway fifteen feet wide, it is error for the court, after having granted a preliminary injunction, to modify the decree so as to permit the defendant to continue the erection of a building over the alley. In such a case the preliminary injunction should have been continued until the final hearing, inasmuch as it is the province of a preliminary injunction to preserve the status quo.

Argued Nov. 21, 1917. Appeal, No. 237, Oct. T., 1917, by plaintiff, from decree of C. P. Del. Co., March T., 1917, No. 570, on bill in equity in case of William Provost v. Nathan Davidowitz et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Bill in equity for an injunction.

The opinion of the Superior Court states the case.

The court entered the following decree:

And now, July 5, 1917, it is ordered, adjudged and decreed that the preliminary injunction heretofore issued in this case shall be continued with this modification, that the defendants be enjoined from obstructing the said passageway in any greater degree than the plaintiff has obstructed the said passageway on his land adjoining the defendants' property on the west.

*Error assigned* was the decree of the court quoting it.

*A. B. Geary,* of *Geary & Rankin,* for appellant.

*Kingsley Montgomery,* with him *J. C. Taylor,* for appellees.

OPINION BY TREXLER, J., April 22, 1918:

The plaintiff is the owner of a lot of ground situated about ninety feet west of Edgemont avenue on the south side of Third street in the City of Chester. He has access from the rear of his lot to Edgemont avenue by reason of a fifteen-foot alley running along another lot owned by him and a lot of the defendants'. He has constructed a building extending over the alley leaving a passageway underneath it. The defendants are building in a similar manner over the alley, and this bill of complaint challenges their right to do so. The defendants claim that the plaintiff has no right of passage over their property to any greater width than that to which he has limited himself by the building which he has constructed

over that portion of the alley which is on his land.   There
is, however, reserved for him in his deeds the right to use
a passage fifteen feet wide and any restriction of this
width upon the face of things is an invasion of his rights.
The court was asked to restrain the erection of the build-
ing over the alley and granted a preliminary injunction
but afterwards modified it.   Its reason for so doing is as
follows : "This being an application for a preliminary
injunction, there is no necessity to enjoin the defendants
from preventing the plaintiff from using the passageway
in any greater degree than he has so limited himself.   It
may be that upon final hearing it may be decided that the
defendants have no right to put any construction in the
passageway or over it, but this is not necessary to decide
now.   It is only necessary as stated to protect the plain-
tiff in any practical use which, under the circumstances,
he can now devote the passageway.   If the defendants go
on with their construction, they do it at their own peril,
with the full knowledge that if the final decree is against
them such construction will have to be removed."   Here
we think the court fell into error.   It is not our province
at this stage of the case to finally decide the relative
rights of the parties, but as we stated before, the title
papers show plaintiff was entitled to the fifteen-foot
alley.   The defendant is erecting a permanent structure
which will deprive the plaintiff of a portion of this alley.
Having granted the preliminary injunction we think the
court should have continued it until the final hearing.
It is the province of the preliminary injunction to pre-
serve the status quo.   The last actual, peaceable, uncon-
tested status which preceded the controversy gave the
plaintiff the right to the passageway to its full width of
fifteen feet and this status should be maintained until the
matter is finally disposed of.   Although the preliminary
injunction in this case was merely modified, it allowed
the defendant to continue the erection of the building
over the alley and thus deprive the decree of any effect,
so far as preserving the status was concerned.

The assignment of error is sustained, the decree of the court below is reversed, and the record is remitted with instructions that the court continue the preliminary injunction as originally entered until final hearing. Appellee for costs.